**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 23 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTHONY P. MIELE III,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>FRANKLIN RESOURCES, INC.;<br>CHARLES B. JOHNSON,<br><br>        Defendants-Appellees. | No.   17-16030<br><br>D.C. No. 3:15-cv-00199-LB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted October 11, 2018
San Francisco, California

Before:  TASHIMA and MURGUIA, Circuit Judges, and CHATIGNY,[**] District Judge.

Plaintiff-Appellant Anthony P. Miele III brings this diversity action against

Defendants-Appellees Franklin Resources, Inc. ("Franklin"), and its former Chief

Executive Officer, Charles B. Johnson, seeking relief under Delaware law for the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable Robert N. Chatigny, United States District Judge for the District of Connecticut, sitting by designation.

defendants' mishandling of his shares of Franklin common stock.  The District Court granted summary judgment to Franklin after concluding that Miele's claims are time-barred, and granted Johnson's motion to dismiss on the ground that Johnson had not breached his fiduciary duty to Miele.  We assume the parties' familiarity with the facts and procedural history.  After de novo review, we affirm. *See John Doe 1 v. Abbott Labs.*, 571 F.3d 930, 933 (9th Cir. 2009).

## I.  Claims Against Franklin

Miele brings claims against Franklin for (1) wrongful registration of securities, 6 Del. C. § 8-404; and (2) replacement of lost, destroyed, or wrongfully taken security certificates, 6 Del. C. § 8-405.  Franklin relies on 6 Del. C. § 8-406, which provides an affirmative defense to both claims.  Section 8-406 provides: "If a security certificate has been lost, apparently destroyed, or wrongfully taken, and the owner fails to notify the issuer of that fact within a reasonable time after the owner has notice of it and the issuer registers a transfer of the security before receiving notification, the owner may not assert against the issuer a claim for registering the transfer under Section 8-404 or a claim to a new security certificate under Section 8-405."  Franklin contends that Miele had notice of the loss, apparent destruction, or wrongful taking of his Franklin shares in 1992, more than two decades before he notified Franklin.  Miele replies that he did not have notice until 2012 or 2013.  Based on careful analysis of the extensive summary judgment

2

record, the District Court concluded that Miele had notice in 1992 by virtue of a letter he received from the Internal Revenue Service, that he failed to notify Franklin within a reasonable time, and that Franklin was therefore entitled to summary judgment under § 8-406. We affirm for substantially the same reasons stated by the District Court.

Delaware law provides that a person has notice of a fact if "[f]rom all the facts and circumstances known to the person at the time in question," the person "has reason to know that it exists." 6 Del. C. § 1-202(a)(3); *see also Hercules Inc. v. Leu Tr. & Banking (Bahamas) Ltd.*, 611 A.2d 476, 484 (Del. 1992) (observing that a person has "reason to know" of a fact "when he or she possesses information from which a person of reasonable intelligence . . . would infer that the fact in question exists") . The IRS notice Miele received in 1992 informed him that he owed taxes on over $40,000 of dividends from Franklin shares. The notice put him in possession of information from which a person of reasonable intelligence would infer that he owned Franklin shares entitling him to significant dividends, which he had not received. *Hercules*, 611 A.2d at 484. At that time, Miele had "reason to know" that any Franklin shares he owned had been "lost, apparently destroyed, or wrongfully taken." 6 Del. C. §§ 1-202(a)(3), 8-406.[1]

---

[1] The District Court concluded that 6 Del. C. § 8-406's clock begins to run when a plaintiff receives inquiry notice. *Miele v. Franklin Res., Inc.*, No. 15-CV-00199-LB, 2017 WL 1407703, at *19-24 (N.D. Cal. Apr. 20, 2017). A

3

The District Court therefore correctly concluded that 6 Del. C. § 8-406 bars Miele's claims against Franklin. Miele's more than two-decade delay in notifying Franklin of his loss was unreasonable. Furthermore, unrebutted record evidence establishes that Franklin registered a transfer of the securities. Miele disputes that a transfer occurred, but he does not proffer a plausible alternative explanation for his removal from the list of Franklin shareholders or the precipitous decline in his number of Franklin shares to zero. *Cf.* 17 C.F.R. § 240.17Ad-11 (requiring transfer agents to periodically reconcile records). Miele argues that 6 Del. C. § 8-406 applies only when a plaintiff discovers a loss, apparent destruction, or wrongful taking of shares before a transfer is registered. However, his argument has no support in the statute's language or in Delaware case law. *See* 6 Del. C. §

---

plaintiff is placed on inquiry notice when, under the circumstances, "persons of ordinary intelligence and prudence would have facts sufficient to put them on inquiry which, *if pursued*, would lead to the discovery of the injury." *In re Dean Witter P'ship Litig.*, No. Civ. A. 14816, 1998 WL 442456, at *7 (Del Ch. July 17, 1998) (emphasis in original). The parties dispute whether inquiry and constructive notice are distinct, and if so, which standard applies. *See, e.g.*, *Ibanez v. Farmers Underwriters Ass'n*, 534 P.2d 1336, 1340 (Cal. 1975) (noting that the California counterpart to Del. C. § 8-406 "contemplates . . . constructive notice") (citing *Weller v. Am. Tel. & Tel. Co.*, 290 A.2d 842, 845 (Del. Ch. 1972)); *In re Tyson Foods, Inc.*, 919 A.2d 563, 585 (Del Ch. 2007) (stating that the plaintiff was on "inquiry notice" "where the plaintiff was objectively aware, or should have been aware, of facts giving rise to the wrong"). However, we need not decide which notice standard governs under § 1-202(a)(3) because the summary judgment record establishes that Miele had "reason to know" of his claims in 1992, whether analyzed under a constructive or inquiry notice standard. 6 Del. C. § 1-202(a)(3).

4

8-406 (requiring that the issuer register a transfer before *the issuer* receives notification of plaintiff's claim); *Weller v. Am. Tel. & Tel. Co.*, 290 A.2d 842, 843-45 (Del. Ch. 1972) (considering New York equivalent of Del. C. § 8-406 when plaintiff learned of theft of securities after transfer was registered).[2]

## II.  Claim Against Johnson

The District Court correctly dismissed Miele's breach of fiduciary duty claim against Johnson.  Officers of a Delaware corporation such as Franklin owe duties of care and loyalty to the corporation and its shareholders.  *Gantler v. Stephens*, 965 A.2d 695, 708-09 (Del. 2009).  Miele's contention that Johnson should have contacted him directly about his Franklin shares is divorced from any business decision and therefore falls outside the scope of Johnson's duty of care. *See In re Walt Disney Co. Derivative Litig.*, 907 A.2d 693, 749-50 (Del. Ch. 2005). Nor has Miele shown a breach of the duty of loyalty, which "[e]ssentially" requires that "the best interest of the corporation and its shareholders takes precedence over any interest possessed by a director, officer or controlling shareholder and not

---

<sup>2</sup>     Miele asserts that the District Court erred by resolving several factual disputes against him.  However, any such disputes are immaterial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.").

5

shared by the stockholders generally." *Cede & Co. v. Technicolor, Inc.*, 634 A.2d 345, 361 (Del. 1993) (emphasis omitted).

**AFFIRMED.**